IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Southern Division

| | |
|---|---|
| KEOSHA JORDAN, ) | |
| ) | Jury Demanded |
| Plaintiff, ) | |
| ) | No. 1:09-cv-142 |
| v. ) | |
| ) | Collier/Carter |
| THE KRYSTAL COMPANY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

It is fundamental that the moving party on a motion for summary judgment bears the burden of proof on all of the elements essential to its motion, and that the facts are to be interpreted in the light most favorable to the non-moving party. Neview v. D.O.C. Optics Corp., 2010 U.S. App. LEXIS 13083 (6th Cir. June 25, 2010), citing, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co., 477 F.3d 854, 861 (6th Cir. 2007). Moreover, "[t]he party moving for summary judgment bears the initial burden of identifying those parts of the record which demonstrate the absence of any genuine issue of material fact." Havensure, L.L.C. v. Prudential Ins. Co. of Am., 595 F.3d 312, 315 (6th Cir. 2010).

Plaintiff makes at least two assertions of fact in her Motion and Memorandum in support that are unsupported by the record and should not be considered by the Court.

1. The Plaintiff states, on page 3 of her Memorandum, that it was "common knowledge at the Restaurant" that the plaintiff was deaf. This statement is unsupported by the record, and even by the record cite provided by the Plaintiff to support this claim. Rochelle

Daniels testified *not* that everyone at the restaurant knew of Ms. Jordan's deafness, but that the "crew members and shift managers" who worked with her knew, of necessity, because they needed to know how to communicate with her. Daniels Depo. at 39; see excerpt attached as Exhibit "A.". By contrast, manager David Evans testified that he did not know that she was deaf when he reduced her schedule. Evans Depo. at p. 68; see excerpt attached as Exhibit "B." In short, there is a genuine issue of material fact as to whether others at the restaurant, besides those who worked directly with Ms. Jordan on the days that she worked, knew of her deafness.

2. Plaintiff asserts that she "could and did perform all the essential functions of her job at Defendant." (Plaintiff's Memorandum at 4). Although there is testimonial opinion evidence that "a person who is deaf and mute, but can read, *can* perform all the essential functions of the production associate job", Id., plaintiff has not submitted evidence in support of her claim that she actually performed the functions of her job. The plaintiff worked at the restaurant for five days and no formal evaluation of performance was completed. It is the plaintiff's burden to prove her qualifications, including her performance. See, e.g., Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 863 (7th Cir. Wis. 2005) (plaintiff's qualifications rightly depended on his actual performance as well as the nature of his disability); see also Crocker v. Runyon, 207 F.3d 314, 321 (6th Cir. 2000) (the burden to prove that the employee can perform the essential functions of the job rests with the employee). Because the plaintiff has not properly shown that she actually performed the essential functions of the job of production assistant, to the extent that this may be an issue at trial, it is for the jury to decide and summary judgment cannot be based on any such finding of fact.

This 23rd day of July, 2010.

STOKES ROBERTS & WAGNER, ALC

s/s John R. Hunt
Georgia Bar No. 378530
Admitted *Pro Hac Vice*
3593 Hemphill Street
Atlanta, Georgia 30337
404/766-0076
404/766-8823 – Fax

Attorneys for The Krystal Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Southern Division

| | |
|---|---|
| KEOSHA JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. Case No. 1:09-cv-00142 |
| | ) |
| THE KRYSTAL COMPANY, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below served a copy of the foregoing was filed electronically. Notice of this filing will be send to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Douglas S. Hamill, Esq.
Burnette Dobson & Pinchak
713 Cherry Street
Chattanooga, TN 37402

This 23rd day of July, 2010.

s/s John R. Hunt