UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KEOSHA JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-CV-142 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| THE KRYSTAL COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

Before the Court are motions in limine filed by Plaintiff Keosha Jordan ("Plaintiff") (Court File Nos. 54, 55, 56, 57) and by Defendant Krystal Company ("Defendant") (Court File Nos. 66, 76, 77). The Court will address each of the motions in turn.

**I.      Motion to Exclude EEOC Determination**

Plaintiff filed a motion to exclude from admission or reference all testimony related to the Equal Employment Opportunity Commission's ("EEOC") determination regarding Plaintiff's claims, including opinion letters or findings (Court File No. 54). Plaintiff argues the opinions and findings of the EEOC against Plaintiff suggest there is no reason to believe a violation has taken place and would result in unfair prejudice to Plaintiff under Fed. R. Evid. 403 (*id.* at 1). Plaintiff also asserts the EEOC record is very limited; therefore, the findings are "premature and incomplete" (*id*. at 2).

In response, Defendant argues "the issues raised by [Plaintiff] regarding the record that was before the EEOC at the time are matters that go to the weight of the evidence, not to its admissibility" (Court File No. 80 at 2). Defendant cites *Williams v. Nashville Network*, 132 F.3d

1123, 1129 (6th Cir. 1997) (quoting *Heard v. Mueller Co.*, 464 F.2d 190, 194 (6th Cir. 1972)), which explains "it is 'within the [sound] discretion [of the district court] whether . . . to accept the EEOC's final investigation report' in evidence," even if there is a strong showing a jury would "attach undue weight" to the EEOC's findings (*id.* at 1) (brackets included in original).

Rule 403 of the Federal Rules of Evidence permits a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." In regards to an EEOC cause determination, the Sixth Circuit has found such determination "carries an evidentiary value of practically zero." *E.E.O.C. v. Ford Motor Co.*, 98 F.3d 1341 (table), No. 95-3019, 1996 WL 557800, at *10 (6th Cir. Sept. 30, 1996). Therefore, it is in this Court's discretion to "categorically refuse to admit EEOC cause determinations at trial" if it chooses to do so. *Wright v. Columbia Sussex Corp.*, No. 3:06-CV-190, 2008 WL 972699, at *1 (E.D. Tenn. Apr. 7, 2008).

Because the Court finds "a jury could attach undue weight to [a] 'No Cause Finding,'" the Court **GRANTS IN PART** Plaintiff's motion (Court File No. 54). *Id.* Specifically, the Court will exclude from admission the introduction at trial any EEOC determination letter or the EEOC Dismissal and Notice of Rights letter, as well as the "no cause" findings contained in those letters. However, the parties may refer to the fact an EEOC investigation was conducted. In addition, Defendant may wish to refer to Plaintiff's statements contained on the charge form and the date of its filings, or Defendant may wish to use such evidence for impeachment purposes. To the extent such evidence is otherwise permissible, and having no indication whether it will be required for those purposes, the Court **RESERVES RULING** on this subset of Plaintiff's motion.

## II. Motions to Exclude Prior Litigation Involving Aisha Marbury

Plaintiff filed a motion to exclude prior litigation involving witness Aisha Marbury and Defendant, and prior litigation between Ms. Marbury and another restaurant-employer (Court File No. 55). Plaintiff anticipates Defendant may use this evidence to demonstrate Ms. Marbury is litigious. Defendant, however, argues it is permissible to use such evidence to show bias on the part of a witness (Court File No. 79).

Indeed, bias is generally relevant and a proper form of witness impeachment. Nevertheless, the Court will be in a better position to make the determination whether such evidence is permissible once testimony is introduced at trial. Accordingly, the Court **RESERVES RULING** on this motion until trial (Court File No. 55).

## III. Motion to Exclude Testimony of Scott Dieter

Plaintiff moves this Court to prohibit the testimony of Scott Dieter at trial (Court File No. 56). Plaintiff first argues Defendant failed to include Mr. Dieter's name in any of Defendant's discovery pleadings or in any depositions that have occurred. Pursuant to the Federal Rules of Civil Procedure, if a party fails to provide the name and information of a witness who will or may be called to testify at trial in its initial disclosures, such party should provide a final witness list including "the name and, if not previously mentioned, the address and telephone number of each [potential] witness" in accordance with Rule 26(a)(3). However, Rule 26 does not require a party to reveal the "substance of a witness' expected testimony." *See Official Comm. of Unsecured Creditors v. Hendricks*, No. 1:04-CV-066, 2008 WL 3007989, at *3 (S.D. Ohio Aug. 1, 2008). Here, Defendant provided a final witness list including the name of witness Scott Dieter (Court File

3

No. 33).¹  Although Plaintiff acknowledges receipt of this final witness list, Plaintiff argues Mr. Dieter's testimony should be excluded because Defendant's witness list was not timely filed.

Rule 26(a)(3)(B) provides "unless the court orders otherwise, these disclosures [such as the final witness list] must be made at least 30 days before trial." In this case, the parties entered into a scheduling order which mandated the parties file a final witness list on or before May 14, 2010 (Court File No. 9). Defendant untimely filed its final witness list on June 4, 2010 (Court File No. 33). The proper sanction for a violation of Rule 26(a) is found in Fed. R. Civ. P. 37(c), which states "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Here, Defendant intends to call as a witness Mr. Dieter only for purposes of rebuttal (Court File No. 86).

During the final pretrial conference, the parties agreed Defendant's alleged failure to comply with Rule 26(a) can be cured through further discovery. Therefore, the Court **DENIES** as **MOOT** Plaintiff's motion to exclude the testimony of witness Scott Dieter (Court File No. 56).

### IV. Motion Regarding Prior Criminal Charge of Andre Lockhart

Plaintiff also asks the Court to exclude all testimony regarding or referencing criminal proceedings or charges for criminal trespassing or simple assault against witness Andre Lockhart (Court File No. 57). As cause, Plaintiff cites Fed. R. Evid. 402, 403, and 609. Defendant asserts it "is entitled to impeach the credibility of the witnesses proffered by [] Plaintiff, and criminal history is a legitimate ground for impeachment" (Court File No. 78).

---

¹However, Defendant failed to provide the address and telephone number for Mr. Scott Dieter.

4

Pursuant to Fed. R. Evid. 609, a party may use the prior criminal conviction of a witness, subject to the limitations of Fed. R. Evid. 403, for impeachment purposes under two circumstances: (1) if the offense was a felony, evidence a witness was convicted may be admitted without regard to the particular nature of the offense, or (2) if the offense was a misdemeanor, evidence may be admitted against the witness if the offense involved dishonesty or a false statement. *See* Fed. R. Evid. 609(a) advisory committee's note (1972). Under both circumstances, evidence of the prior conviction is not admissible "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for [the] conviction, whichever is the later date, unless the court determines, in the interests of justice, [] the probative value of the conviction supported by specific facts and circumstances substantially outweighs it prejudicial effect." Fed. R. Evid. 609(b).

Here, Plaintiff asserts the prior convictions of Mr. Lockhart, which allegedly occurred sometime during the 1990s, were misdemeanors and were not crimes of dishonesty (Court File No. 57). Generally, a misdemeanor conviction for criminal trespass does not "constitute [a crime] of dishonesty [unless] the facts . . . indicate that some element of active misrepresentation was involved." *United States v. Rattigan*, 996 F.2d 1218 (table), No. 92-3597, 1993 WL 190910, at *5 (6th Cir. Jun. 2, 1993). Likewise, a conviction for assault does not constitute a crime of dishonesty.

Therefore, if Plaintiff has accurately characterized Mr. Lockhart's prior convictions in terms of the nature and grade of the offenses, such evidence should be excluded (Court File No. 57). However, the Defendant may proffer evidence regarding Mr. Lockhart's prior convictions that are contrary to Plaintiff's assertions. *See Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001); *Hillside Prods., Inc. v. Cnty. of Macomb*, Nos. 08-2268, 08-2232, 2010 WL 2545592, at *10 (6th Cir. Jun. 15, 2010) (explaining "the party proffering the evidence bears the burden of proving

its admissibility"). For the foregoing reasons, the Court **RESERVES RULING** on Plaintiff's motion to the extent Plaintiff is mistaken regarding the nature of the witness' past crimes (Court File No. 57).

V. **Motion to Exclude Stray Remarks and Generalized Statements of Discriminatory Animus**

Defendant filed a motion to preclude the introduction of evidence of "generalized statements of animus or discomfort with individuals who suffer from disabilities, or expressions of doubt regarding their ability to perform a job, that are not related in time or circumstance to the employment decisions or decisions at issue in this case" (Court File No. 66 at 1). While "statements by non-decision makers, or statements by decision makers unrelated to the decisional process itself [can not] suffice to satisfy the plaintiff's burden of demonstrating animus," as stated in *Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544, 550 (6th Cir. 2004) (brackets included in the original), Plaintiff correctly notes Defendant has not identified any specific "'stray remarks'. . . it believes will be elicited at trial" (Court File No. 72 at 1). Therefore, the Court **RESERVES RULING** on Defendant's motion (Court File No. 66).

VI. **Motion to Exclude Admission of Witness Personnel Files**

Defendant also requests the Court prohibit Plaintiff from introducing as evidence the entire personnel files of individual witnesses (Court File No. 76). Rather, Defendant argues Plaintiff "should be required to identify [the specific documents within those files] as potential exhibits, rather than being permitted to introduce the entire personnel files wholesale" (*id.* at 2).

Although Defendant's motion was untimely, the Court **RESERVES RULING** on

Defendant's motion until the time of trial (Court File No. 76). Without knowing the context, the Court cannot determine whether the entire personnel files will be irrelevant or prejudicial.

## VII. Motion to Preclude Evidence of Alleged Prior "Bad Acts"

Defendant untimely moves the Court to prohibit any attempt by Plaintiff to introduce evidence witness Michael Hildebrandt falsified records at his prior employment (Court File No. 77). Defendant asserts the evidence is not relevant under Fed. R. Evid. 403. Plaintiff, in turn, argues the evidence is admissible under Federal Rules of Evidence 404 and 608 for the purpose of attacking the credibility of the witness (Court File No. 82).

Generally, evidence of "a person's character or a trait of character" or evidence of "other crimes, wrongs, or acts" is not admissible to show "action in conformity with." Fed. R. Evid. 404. In addition, "specific instances of the conduct of a witness . . . may not be proved by extrinsic evidence" for the purpose of attacking the witness' credibility. *Id.* at 608(b). Such evidence is, however, admissible on cross-examination "if probative of truthfulness or untruthfulness." *Id.* Still, Rule 608 is subject to the "overriding protection of Rule 403." *See* Fed. R. Evid. 608(b) advisory committee's note (1972).

Here, the Court finds the instant motion to be dependent on the witness' testimony at trial. Therefore, the Court **RESERVES RULING** on Defendant's motion until such time the parties raise any evidentiary objections relating to this issue at trial (Court File No. 77).

## VIII. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion to exclude the EEOC determination (Court File No. 54). The Court **DENIES as MOOT** Plaintiff's motion to

exclude the testimony of witness Scott Dieter (Court File No. 56). Finally, the Court **RESERVES RULING** on the parties' remaining motions (Court File Nos. 55, 57, 66, 76, 77).

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**